# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| STEVEN STANDIFER, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
| vs. | ) | NO. CIV-10-0463-HE |
|  | ) |  |
| H.A. LEDEZMA, WARDEN, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## ORDER

Petitioner Steven Standifer, a federal prisoner appearing *pro se*, filed a petition pursuant to 28 U.S.C. § 2241 seeking federal habeas corpus relief. He seeks an order directing respondent H.A. Ledezma to enroll petitioner in the Bureau of Prisons' Residential Drug Abuse Program ("RDAP") and, upon completion, to grant a one-year reduction of his sentence. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred to Magistrate Judge Robert E. Bacharach. Two reports and recommendations are presently before the court:[1] (1) a recommendation that respondent's motion for summary judgment be granted (mooting petitioner's motion for summary judgment),[2] and (2) a recommendation that petitioner's motion for a preliminary injunction be dismissed on grounds of mootness, assuming the court's acceptance of the recommendation as to respondent's motion for

---

[1]*The Magistrate Judge issued an additional report, recommending denial of petitioner's motion for leave to proceed in forma pauperis. [Doc. #7]. Because petitioner has since paid his filing fee, the Magistrate Judge vacated that report and now recommends dismissal of the request for leave to proceed in forma pauperis on grounds of mootness. [Doc. #10]. No party has objected.*

[2]*The respondent originally filed a motion to dismiss but relied on evidence outside of the petition. Consequently, the Magistrate Judge converted the motion to one for dismissal or, in the alternative, for summary judgment. [Doc. #16].*

summary judgment. Petitioner has objected to the Reports and Recommendations, reasserting the arguments presented to the Magistrate Judge.

## DISCUSSION

The BOP must "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). In determining whether an individual is eligible for the RDAP, the BOP has instituted a practice of evaluating the twelve-month period prior to arrest for indications of substance abuse or dependancy. *See* BOP Program Statement 5330.11 [Doc. #14, Ex. 3, p. 15].

Petitioner now admits he did not have a verifiable substance abuse problem in the twelve months prior to his arrest.[3] Petitioner contends, however, that the BOP's policy of requiring a documented substance abuse problem twelve months prior to arrest for purposes of entry into the RDAP is an unreasonable application of the statute. He argues that "every prisoner" with a substance abuse problem must have the opportunity to participate in the RDAP and that he was therefore wrongly denied admission. The pertinent statutory provisions—18 U.S.C. § 3621(b) and (e)(1)—are not so broad. Rather, they require the BOP to offer "appropriate" substance abuse treatment to all prisoners with a treatable condition but to offer the residential treatment program only to "eligible" prisoners. Eligible prisoners

---

[3]*While the petition states Mr. Standifer had a documented history of substance abuse within "the 12 month requirement of the BOP," Doc. #1, his later submissions acknowledge that he did "not have a document history within 12 months prior to his arrest." [Doc. #12]; accord Doc. #20 (petitioner did not have a documented substance abuse "within the 12 months prior to [his] imprisonment").*

2

are defined as those determined by the BOP to "have a substance abuse problem" and who are willing to participate. 18 U.S.C. § 3621(e)(5)(B). As the Magistrate Judge noted, the operative word—have—is in the present tense. For substantially the same reasons as set forth in the Report and Recommendation, the court concludes that the BOP has reasonably interpreted the statute with regards to petitioner's eligibility.

The court is mindful of petitioner's citation to Wilson v. Kastner, 385 Fed. Appx. 855 (10th Cir. 2010) (unpublished). However, Wilson is not inconsistent with the conclusion reached above. Wilson explicitly acknowledged that the referenced statute looks to address "a current, *not a past*, substance problem and the BOP's policies must be directed at identifying those prisoners with a *current* substance abuse problem." 385 Fed. Appx. at 862 (emphasis added). The court concluded the BOP had not shown a basis for treating a prisoner who developed a substance abuse problem while incarcerated differently (for RDAP eligibility) from one whose problem arose within the twelve months prior to arrest. Id. at 863. Here, however, neither of those situations is analogous to that of petitioner, whose last documented use of drugs was in January 2004—approximately 21 months prior to his arrest in this case. [Doc. #14, Ex. 3, p. 26]. Petitioner "has been clean and sober since then." [Doc. #14, Ex. 3, p. 26].[4] The lack of any documented substance abuse since then supports the BOP's original determination.

Having conducted a de novo review, the court concurs with Magistrate Judge

---

[4]*The last documentation of drug use petitioner provides is a drug screen report from January 13, 2004. [Doc. 5, Ex. 1].*

Bacharach's analysis and adopts his Reports and Recommendations.  Respondent's motion to dismiss (construed as a motion for summary judgment) [Doc. #14] is **GRANTED**.  Consequently, petitioner's motion for summary judgment [Doc. #21] and motion for a preliminary injunction [Doc. #22] are **DENIED** as moot as is the petitioner's motion for leave to proceed *in forma pauperis* [Doc. #6].  Petitioner's petition for writ of habeas corpus is **DENIED**.

    **IT IS SO ORDERED**.

    Dated this 11th day of January, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE